CCMMONWEALTH *vs.* PATRICK HOLLEY.

The provision of *St.* 1852, *c.* 322, § 18, allowing the amendment of an allegation of a former conviction, on the trial of an indictment for a second offence against that statute, is not a violation of the twelfth article of the Declaration of Rights.

INDICTMENT on *St.* 1852, *c.* 322, § 12, for being a common seller of spirituous and intoxicating liquors. Trial in the municipal court, before *Bishop,* J., to whose ruling the defendant alleged exceptions. The case is stated in the opinion.

*S. D. Parker,* for the defendant.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

SHAW, C. J. The indictment having set forth a prior conviction of the defendant as a common seller, under *St.* 1852, *c.* 322, § 12, with a view to the higher penalty inflicted for a second offence, the prosecuting officer, before the defence was opened, asked leave to amend the indictment, in that part of it which specified and described the former conviction, and the time and term of the court at which it was had; and this amendment was allowed by the court. To this the defendant excepted.

The amendment of an indictment, by order of court, certainly strikes a person familiar with the practice and principles of the common law with surprise. But in this class of prosecutions, it is expressly provided for by statute, *St.* 1852, *c.* 322, § 18, which provides that in any complaint or indictment, or other proceeding, for any violation of this act, other than the first offence, it shall not be requisite to set forth particularly the record of a former conviction, but it shall be sufficient to allege briefly that the defendant has been convicted of a single sale, or of being a manufacturer, or a common seller, as the case may be; "and such allegation, in any civil or criminal process, in any stage of the proceedings, before final judgment, may be amended without terms and as a matter of right."

It is argued that if this statute can justly be so construed as to allow the amendment of an indictment, which is the solemn act of the grand jury, the statute itself is in violation of the twelfth article of the Declaration of Rights, which directs that

no subject shall be held to answer for any crime or offence until the same is fully and plainly, substantially and formally described to him.

But the court are of opinion that the statute is not open to this objection. The object of the Declaration of Rights was to secure substantial privileges and benefits to parties criminally charged; not to require particular forms, except where they are necessary to the purposes of justice and fair dealing towards persons accused, so as to ensure a full and fair trial. The statute certainly intends to punish a party, on a second conviction, with greater severity than on the first, and therefore it is proper that the accused should understand, from the indictment, that he is charged with an offence aggravated by the fact of a prior conviction. *Tuttle* v. *Commonwealth*, 2 Gray, 505. But such prior conviction is a collateral fact, which can only be proved by record, and therefore, in whatever form it is alluded to or mentioned in the indictment, it must be made certain by the record, when produced. There is no danger, therefore, that a party can be injured by such an amendment; because it must conform to the record; otherwise, the record will not prove it, or sustain the averment of a former conviction. It is a part of the indictment, which derives no increased weight from the finding of the grand jury, and one upon which they pass no judgment, but merely report the prior conviction, to be verified and identified wholly by the production of the record.

The great principle asserted by the Declaration of Rights is that no man shall be put to answer a criminal charge until the criminating evidence has been laid before a grand jury, and they have found probable cause, at least, to believe the facts true on which the criminality depends. But, in setting forth a former conviction, they aver no fact resting on testimony, except that of identity of the person charged with the person before convicted. That fact being found, all the particulars respecting the former conviction, as to the nature of the crime, the time and circumstances of its commitment, the time when and the court before whom the conviction was had, and the sentence awarded, must be proved by matter of record, altogether more certain in

its nature than any finding of a grand jury, upon an *ex parte* hearing, possibly can be. And such prior conviction, being a judgment against the party himself, is necessarily one of which he is conusant, and by which he is conclusively bound. We think, therefore, that the legislature might well avail themselves of these considerations, to provide that, when, on the trial of such indictment, the description of such previous conviction shall be found to be imperfect, inexact, or in any respect variant from the record, it may be amended in court, so as to conform to the record, without the formality of sending the case back to the grand jury, to find a new indictment, in order to state such record fully and correctly. Such an amendment, even of an indictment, as found by the grand jury, in the opinion of the court is not a violation either of the letter or spirit of the salutary provision of the Declaration of Rights.

*Exceptions overruled.*